UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>        Petitioner,<br><br>    v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>        Respondent. | CASE NO. 1:24-cv-01037-CDB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED PROCEEDING<br><br>(Doc. 3)<br><br>FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

**I.    Background**

Petitioner James Carl Kelly ("Petitioner") is a state prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to 28 U.S.C. § 2254.  (Docs. 1, 5).  No other parties have appeared in this action.  A preliminary screening of the petition reveals it should be dismissed as

the petition does not fall within the core of habeas corpus.

On August 30, 2024, Petitioner filed a motion for preliminary injunction. (Doc. 3). Petitioner requests that the Court call his surgeons and doctors to testify as to the proper way he should be treated regarding his mechanical heart valve, blood thinners, and "INR," as well as direct physician Chen Ho to "stop what he is doing until the [surgeons and doctors] could [sic] verify how [he] should be [t]reated when [his] condition gets bad." (Doc. 3 at 1-2). Petitioner provides the treating doctors as James Nilas Young, Amir A. Zeki, and Tony Kannarkat. He also seeks appointment of counsel and an expedited proceeding. *Id* at 2.

## **II.    Preliminary Injunction**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24 (citation omitted). It may be awarded only upon a clear showing that the movant is entitled to relief. *Id.* A stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale approach to balancing the elements for a preliminary injunction survives *Winters*). However, while the elements may be balanced, all four factors must be present in order to warrant injunctive relief. *Id.* at 1052-53.

Petitioner has made a showing of irreparable injury, namely as to his medical issues concerning his heart. However, Petitioner has named several individual respondents in his habeas petition. With the exception of Chen Ho, none of those respondents are the persons he seeks to enjoin here. Additionally, the U.S. Marshals have not yet served any respondents in this matter. As a result, the Court lacks personal jurisdiction over the named respondents and the additional persons set forth in Petitioner's motion for preliminary injunction. "A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.3d 719, 727 (9th Cir. 1985). It follows that the Court

cannot compel the non-party physicians listed by Petitioner to testify as to his medical issues nor, at this juncture, enjoin Dr. Ho's actions.

In any event, Petitioner has failed to show a likelihood of success on the merits. As elaborated below, Petitioner has failed to assert claims cognizable in a federal habeas corpus proceeding. Accordingly, Petitioner's motion for preliminary injunction is denied.

### III.     Expedited Proceeding

This Court does not have an expedited calendar. As of the date of this Order, the undersigned presides over more than 450 civil cases, including more than 130 case brought by incarcerated plaintiffs in various states of litigation asserting civil rights and habeas claims. While the Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District, Petitioner cites no authority – and the Court is aware of none – to persuade the undersigned that Petitioner's case merits expedited or favored treatment to the detriment of other cases pending on the Court's docket.

Accordingly, Petitioner's motion to expedite is denied.

### IV.     Appointment of Counsel

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B)); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary

or warranted at this early stage of proceedings. In particular, Petitioner has not shown any exceptional circumstances that warrant the appointment of counsel at this stage. Petitioner has not proffered difficulty in presenting this case without the assistance of counsel and, even if he had done so, such a condition is shared with many other habeas petitioners. Petitioner was able to file his habeas petition without the aid of counsel. Although Petitioner asserts that this case involves a complex legal issue, the Court notes that the types of issues presented herein, namely relating to inadequate medical care, are not unusual in prisoner litigation. Therefore, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

Accordingly, Petitioner's motion for appointment of counsel is denied without prejudice.

**V.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**A.     The Petition**

Petitioner represents that this action concerns "retaliation," "inadequate medical care," and "medical [malpractice]." (Doc. 1 at 2). He states his claims arise from California Penal Code

§ 1473(a), *In re Bittaker*[1], and the California Constitution, namely Articles I and II. He provides that he received inadequate medical care for life-threatening conditions, amounting to medical malpractice, as well as retaliation and "false documents concerning [his] medical condition." He asserts that, on July 14, 2023, he arrived at California Health Care Facility ("CHCF") for reason of a fall aggravating a lower back injury. Upon arrival, "it was discovered that [his] I.N.R. [b]lood level was off." He states he is also a heart patient with a mechanical valve pumping his heart, and "permanently on medication called Coumadin 7.5mg." He represents that it is a blood thinner. He states he is also on carvedilol, a blood pressure medication, and lisinopril, a hypertension medication. He asserts that, before he arrived at CHCF, his INR was low because "the [d]octor's didn't know what [he] had. Earlier, when he was at Mule Creek State Prison, that facility did not have the "injection [he] needed to go wit the Coumadin. So [he] was transferred to California State Prison, Sacramento." After that, the CHCF doctors did not know how to "get [his] I.N.R. in its correct range[,] which is 2.5 to 3.5. It took them until [August 7, 2023] to find out[,] which the documents will show." *Id.* at 3.

After the doctor found out, "it [took] him almost [nine] months before he used the injection." The "outside hospital told him to use [it]." On August 1, 2024, Petitioner was transferred to Kern Valley State Prison under physician Chen Ho. He had already filed a complaint in federal court and had been directed to amend it but was unable to due to the facility transfer. Petitioner came to find out that Dr. Chen did not know how to treat a patient like him. Petitioner states that his INR became low and Dr. Chen kept the Coumadin at "6.5 or 7.0mg" but did not use the injection that went with it. Petitioner asserts that his life is in danger. He represents that he filed healthcare grievances "due back [October 11, 2024]." He states waiting for resolution of the grievances could result in irreparable harm. *Id.* at 4. He also asserts that his medical documents "should have followed [him]" from San Joaquin General Hospital in Stockton, California, which he states are attached to the petition. *Id.* at 5.

**B.     Discussion**

Petitioner has failed to state a cognizable federal habeas claim. Federal law provides

---

[1] 55 Cal. App. 4th 1004, 1006 (1997).

principally for two avenues of relief on complaints related to imprisonment: a petition for habeas corpus, and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). If a favorable challenge would not "necessarily lead to [a petitioner's] immediate or earlier release from confinement," the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Instead, requests for relief turning on circumstances of confinement may be presented in a § 1983 action. *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

Here, Petitioner appears to allege claims sounding in deliberate indifference to serious medical needs in violation of the Eighth Amendment and medical malpractice. *See generally* (Doc. 1). These claims relate to the conditions of Petitioner's confinement rather than its legality. An appropriate remedy for these claims, if proven, would be in the form of damages or a change in conditions, not release. Thus, Petitioner's claim is not cognizable in a federal habeas corpus proceeding.

The claims raised in the petition may be cognizable if raised in a § 1983 civil rights action. When a habeas petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Habeas actions and § 1983 prisoner civil right cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. at 935-36 (citations omitted); *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (courts should

not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). For instance, the filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, as it has been here, the fee is forgiven. For civil rights cases, however, the fee is $405 and under the Prison Litigation Reform Act the prisoner is required to pay $350, even if granted *in forma pauperis* status, by way of deductions from the income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might otherwise forgo a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Based on these differences between habeas corpus and civil rights cases, the Court will recommend that this petition be dismissed. Because it is apparent Petitioner cannot set forth a viable claim for relief, the undersigned will recommend that the petition be dismissed without leave to amend. *Jarvis*, 440 F.2d at 14. Though the undersigned expresses no view regarding the merits of any such claim, Petitioner may file a claim pursuant to 42 U.S.C. § 1983 based on the allegations contained in the petition.

## VI.    Conclusion and Recommendation

The Clerk of the Court is directed to (1) randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations, and (2) send to Petitioner one blank copy of the form complaint for 42 U.S.C. § 1983 civil rights action

For the reasons stated above, IT IS HEREBY ORDERED:

1. Petitioner's motion for appointment of counsel (Doc. 3) is DENIED.

And IT IS HEREBY RECOMMENDED:

1. Petitioner's motion for preliminary injunction and expedited proceeding (Doc. 3) be DENIED; and
2. The petition (Doc. 1) be DISMISSED without leave to amend for failure to state a habeas claim.

1    These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **February 25, 2025**                              /s/ _____
                                                                                   UNITED STATES MAGISTRATE JUDGE