UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>            Petitioner,<br><br>      v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>            Respondents. | Case No. 1:24-cv-01037-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED PROCEEDING, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 3, 9) |

Petitioner James Carl Kelly ("Petitioner") is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 5. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge conducted a screening of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and concluded that the claims do not fall within the core of habeas corpus and must be brought, if at all, in a civil action pursuant to 42 U.S.C. § 1983. Doc. 5; *see Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (holding that habeas is the exclusive vehicle for "core" habeas claims and explaining that "an action that, 'even if successful, will not demonstrate the invalidity of any outstanding criminal judgment' [is not within the core of habeas corpus] and falls [instead] within § 1983's scope" (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The

magistrate judge also found that petitioner might be disadvantaged by converting the petition to a § 1983 complaint and the petition should therefore be dismissed. Doc. 9 at 6–7.

Petitioner also filed a motion for preliminary injunction, Doc. 3, which the findings and recommendations recommended that the Court deny, Doc. 9 at 2–3. The findings and recommendations concluded that the Court did not have personal jurisdiction over the persons petitioner sought to enjoin because they had not been served, *see Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served . . . ."), and an injunction would therefore be inappropriate. Doc. 9 at 2–3. The findings and recommendations also concluded that, in any event, petitioner had failed to show a likelihood of success on the merits as his claims were not cognizable in habeas. *Id.*

The findings and recommendations were served on petitioner. Petitioner did not file any objections and the deadline to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

/ / /

/ / /

Accordingly:

1. The findings and recommendations issued on February 25, 2025, Doc. 9, are ADOPTED in full;
2. Petitioner's motion for preliminary injunction, Doc. 3, is DENIED;
3. The petition for writ of habeas corpus is DISMISSED without leave to amend;
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  April 30, 2025

UNITED STATES DISTRICT JUDGE

3